## CIRCUIT COURT OF FAIRFAX COUNTY

Nationwide Carpet, Inc.

v.

Souder

October 18, 1991

Case No. (Chancery) 116253

By JUDGE JOHANNA L. FITZPATRICK

This matter has been under advisement for the Court to consider and rule on the Defendant's motion to dismiss the bill of complaint to enforce a mechanic's lien. I have carefully reviewed the motion, pleadings, briefs and applicable authority, as well as the arguments of counsel. For the reasons set forth below, Defendant's motion to dismiss is denied.

Defendant's motion to dismiss the bill of complaint is premised upon the alleged failure of the Memorandum of Lien to include a statement declaring the Complainant's intention to claim the benefit of the lien, as required by § 43-4 of the Code of Virginia 1950, as amended. The Complainant, in perfecting his mechanic's lien, relied upon the statutory form as provided under § 43-5 of the Code of Virginia 1950, as amended.

The parties herein do not dispute that the Plaintiff has followed the statutory form as outlined in § 43-5. The purpose of the latter section was to provide parties with a form, which if followed, is deemed to be sufficient to meet the memorandum and affidavit requirements of § 43-4. The Court hereby adopts and incorporates by reference the reasoning and analysis of the Honorable Jack B. Stevens' opinion letter rendered in *Hickerson Electric Service*

*Corp.* *v.* *Drewer* *Development,* *et* *al.,* (Fairfax Cir. Ct., Chancery Nos. 121526, 121528, 121544; Oct. 3, 1991).

Therefore, the Defendant's motion to dismiss is denied.